UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X
ISRAEL AEROSPACE INDUSTRIES LTD.,

                Plaintiff and Counterclaim Defendant,

    -against-

AIRCRAFT ENGINE LEASE FINANCE INC.,

                Defendant and Counterclaim Plaintiff.
------------------------------------------------------------------------------X

Case No.:1:23-cv-05516

## STIPULATED PROTECTIVE ORDER

Pursuant to the parties' stipulation, and having found good cause, the Court hereby enters this Protective Order:

1.    As used in this Protective Order, these terms have the following meanings:

    a.    The term "Action" means the above-captioned civil action;

    b.    "Confidential" documents are documents, discovery responses, pleadings, deposition testimony, exhibits of any kind, and other information or material designated "Confidential" pursuant to paragraph 2;

    c.    "Documents" are all materials within the scope of Federal Rule of Civil Procedure 34;

    d.    "Highly Confidential" are documents, discovery responses, pleadings, deposition testimony, exhibits of any kind, and other information or material designated "Highly Confidential" pursuant to paragraph 3.

  e. The term "Parties" means the parties to this Action; and

  f. The term "Attorneys" means attorneys and their respective law firms who serve as counsel for the Parties.

 2. A Party may designate a document or information of any kind "Confidential" when the public disclosure such document or information is restricted by law or will cause harm to the business, commercial, financial or personal interest of the producing person and/or third party to whom a duty of confidentiality is owed and that consists of:

  a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

  b. previously nondisclosed material relating to ownership or control of any non-public company;

  c. previously nondisclosed business plans, product development information, or marketing plans;

  d. any information of a personal or intimate nature regarding any individual; or

  e. any other category of information hereinafter given confidential status by the Court.

 3. A Party may designate a document or information of any kind "Highly Confidential" when the disclosing Party has good cause to show that the material contains sensitive trade secrets, or commercial information that if disclosed to the opposing Party could result in competitive or other harm, that cannot be avoided by less restrictive means.

 4. Confidential or Highly Confidential information shall be designated with the label "Confidential" or "Highly Confidential" on each page containing such information prior to production. If any Confidential or Highly Confidential information cannot reasonably be labeled on each page with the appropriate designation, it shall be placed in a sealed envelope or other container or portable media, such as a CD or DVD, that is in turn marked "Confidential," or

"Highly Confidential or shall be designated as "Confidential" in any other manner agreed upon in writing by the Parties or their Attorneys

5. The Parties acknowledge that discovery in this action is likely to involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third parties to whom a duty of confidentiality is owed.

Prior to designating any material as Confidential or Highly Confidential the designating party must make a bona fide determination that the material in fact contains such information, and that the dissemination of such information would significantly damage the designating party.

6. All Confidential documents, along with the information contained in the documents, shall be used solely in connection with this Action. No person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in this Protective Order. Any other use is prohibited.

7. Access to any Confidential document or information shall be limited to:

    a. the Court and its staff;

    b. Attorneys, their law firms, and vendors retained by such counsel;

    c. persons or entities shown on the face of a document to have authored or received the Confidential document or Confidential information;

    d. any actual or prospective deponent or witness (including fact witnesses as well as expert witnesses), provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    e. court reporters and videographers retained to transcribe or record testimony;

    f. the Parties;

g. outside independent persons (i.e., persons not identified above and not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its Attorneys to furnish technical or expert consulting or litigation services, provided such persons have first executed a Non-Disclosure Agreement in the form annexed hereto.

8. All Highly Confidential documents, along with the information contained in the documents, shall be used solely in connection with this Action.  No person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in this Protective Order. Any other use is prohibited. "Highly Confidential" documents and information shall not be disclosed or made available to persons other than "Qualified Persons – Highly Confidential" identified below:

(a) Attorneys for the Parties in this Action and employees and vendors of such attorneys to whom it is necessary that the material be shown for purposes of this Action.

(b) the Court and its staff;

(c) Independent experts, consultants, and investigators retained by the Parties or counsel for the Parties to assist in the preparation and arbitration of this action and to whom it is necessary that the information be disclosed;

(d) A deposition or trial witness to the extent such "Highly Confidential" information was authored by or addressed to the person or such person is established as knowledgeable of such information or contents of the information prior to its disclosure; and

(e) Any other person agreed to in writing by the Parties and on such conditions as may be agreed or ordered.

No "Highly Confidential" documents or information may be disclosed to persons identified in subparagraphs (c) and (e) until they have reviewed this Order and either (1) executed a written agreement, to be bound by the terms of this Order, or (2) agreed on the record at a

deposition or trial to be bound by the terms of this Order.  Counsel for the receiving Party shall maintain copies of the executed written agreements.

9. Recipients of documents or information that have been designated as Confidential or Highly Confidential under this Protective Order may use such material solely for the purpose of the litigation of this Action (to the extent it has not been vacated) and specifically (by way of example and not limitation) may not use Confidential documents or information for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

10. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.  To the extent Highly Confidential Information is used in a deposition, that portion of the transcript that contains such information shall be designated Highly Confidential.  The Party whose Highly Confidential documents or information is to be disclosed shall have the right to exclude from attendance at that portion of the

deposition any person who is not entitled to receive such information or document pursuant to this Order.

11. The inadvertent production of any confidential or private information, document, or material without a designation of "Confidential" or "Highly Confidential" shall not constitute a waiver of the rights of a Party to subsequently designate such materials as "Confidential" or "Highly Confidential" to otherwise assert confidentiality with respect to any document, material, or information. Any Party who inadvertently fails to identify documents as "Confidential" or "Highly Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any Party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents, including, without limitation, all copies of such improperly-designated documents. Any information, document, or material subsequently designated as "Confidential" or "Highly Confidential" shall be treated as if it had been so designated when first produced or made available and shall be subject to the terms of this Protective Order from such date. Neither the provisions of this Protective Order, nor any designation or failure to designate any particular information, document, or material by either Party as "Confidential" or "Highly Confidential" shall constitute a waiver of the right to assert confidentiality in any other litigation or other context.

12. Any Party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving Party and request that the documents be returned. The receiving Party shall return such inadvertently produced documents, including all copies, summaries, and abstracts, within 14

days of receiving such a written request. The Party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law. The inadvertent production of such documents shall not, however, be deemed to waive the privilege or other immunity from discovery so long as the Party who inadvertently produced the documents asserts the privilege promptly after discovering the inadvertent production.

13. When a Party seeks to file with the Court documents or information designated as "Confidential" or "Highly Confidential," the Parties shall first confer in good faith as to whether it is necessary to provisionally file such documents or information under seal. If the designating party maintains that it is necessary, the Party seeking to file the document or information will provisionally file the document under seal pending a determination by the Court regarding the propriety of maintaining such documents or information under seal. The Parties acknowledge that this stipulation does not entitle them to file information designated as Confidential or Highly Confidential under seal; Judge Failla's Rules of Individual Practice Rule 9 sets forth the procedures that must be followed for filing a document under seal.

14. Nothing herein shall preclude a Party from using or filing any document or item it has designated as "Confidential" as such Party sees fit.

15. Any Party may request a change in the designation of any information designated "Confidential" Or "Highly Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief. The Party asserting that the material is Confidential or Highly Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

16. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential documents and information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

17. Within 60 days of the conclusion of this Action by stipulation, dismissal or judgment, each Party shall destroy or return to the opposing Party all documents designated by the opposing Party as "Confidential," and "Highly Confidential" and all copies of such documents. Each Party shall also destroy all extracts or data taken from such documents. Following this 60-day period, each Party, upon request, shall provide a certification as to the return or destruction of documents designated as "Confidential" or "Highly Confidential" and as to compliance with this paragraph. Notwithstanding this paragraph, Parties and Attorneys shall be entitled to retain copies of all documents filed with the Court and all correspondence generated in connection with the Action. If a regulatory authority, accounting oversight body, or other such person or entity requests access to any such records at any time, the producing Party shall be promptly notified before such access is granted.

18. Any Party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

19. The obligations imposed by the Protective Order shall survive the termination of the Action.

STIPULATED AND AGREED.

| COHEN TAUBER SPIEVACK & WAGNER P.C | ZUCKERMAN SPAEDER LLP |
|---|---|
| By: *Sari E. Kolatch* | By: *Shawn P. Naunton* |
| Stephen Wagner<br>Sari E. Kolatch<br>420 Lexington Ave., Suite 2400<br>New York, New York 10170<br>Tel.: (212) 381-8732<br>swagner@ctswlaw.com<br>skolatch@ctswlaw.com | Shawn P. Naunton<br>Mark J. Feaster<br>485 Madison Avenue, 10th Floor<br>New York, NY 10022<br>Tel.: (212) 704-9600<br>snaunton@zuckerman.com<br>mfeaster@zuckerman.com |
| *Attorneys for Israel Aerospace Industries Ltd.* | *Attorneys for Aircraft Engine Lease Finance Inc.* |

Dated: May 3, 2024

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The Court
will retain jurisdiction over the terms and conditions of this agreement
only for the pendency of this litigation.  Any party wishing to make
redacted or sealed submissions shall comply with Rule 9 of this Court's
Individual Rules of Civil Procedure.
```

Dated:  May 6, 2024                So ordered: *Katherine Polk Failla*
        New York, New York

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE